UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DAVID FEATHERS, | ) | CASE NO. 5:05 CV 681 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| PORTAGE COUNTY PROSECUTORS OFFICE, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On March 8, 2005, plaintiff pro se David Feathers, an inmate at the Portage County Jail, filed this action against Portage County Prosecutors Office, Portage County Sheriff Duane Kaley, Sgt. Hall, and Jail Administrator Connie Sisco. For the reasons stated below, this action is dismissed.

The complaint alleges plaintiff is being held in the Portage County Jail on a $250,000.00 cash bond. He complains that he was denied a bond reduction based on a false statement that he was planning an escape and was on suicide watch. It is further alleged that plaintiff was the recipient of a retaliatory and false conduct report, and that he is restricted from using telephones at the jail.

As a threshold matter, a prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; <u>Wyatt v. Leonard</u>, 193 F.3d 876, 878 (6th Cir. 1999); <u>Brown v. Toombs</u>, 139 F.3d 1102, 1104 (6th Cir. 1998), <u>cert. denied</u>, 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. <u>Knuckles-El v. Toombs</u>, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. See <u>Curry v. Scott</u>, 249 F.3d 493, 504-05 (6th Cir. 2001).[1]

The only condition apparently grieved by plaintiff concerns

---

[1] See also, <u>Lyons-Bey v. Curtis</u>, No. 01-1574, 2002 WL 203214 (6th Cir. Feb. 7, 2002)(indicating that plaintiff must exhaust each separate claim raised in his complaint); <u>Fuller v. Calvin</u>, No. 01-1814, 2002 WL 21998 (6th Cir. Jan. 4, 2002)(finding that plaintiff must present documents to the court indicating that he filed a grievance against each of the named defendants for the specific misconduct alleged in the complaint); <u>Vandiver v. Martin</u>, No. Civ. A.01-CV-71510-DT, 2002 WL 482549, slip op. (E.D. Mich. Mar. 5, 2002)(finding that the issues plaintiff raises in his complaint are limited to the specific issues and the specific individuals named in plaintiff's grievances).

his placement in administrative lock down.  Such a placement does not set forth a valid due process claim absent an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Sandin v. Conner</u>, 515 U.S. 472, 485 (1994).  The complaint in the instant case simply does not set forth allegations that plaintiff has been subjected to conditions which might be said to constitute the type of deprivation contemplated by <u>Sandin</u> as giving rise to a due process claim.

Further, to the extent he seeks to challenge other conditions of confinement, he states no specific facts concerning the dates of any attempts to file or the content of any grievance, the identities of the parties against whom he sought to assert them, or the reasons that they were denied.  Any such conditions claims must therefore be dismissed. <u>Brown</u>, 139 F.3d at 1104.

Finally, to the extent plaintiff challenges the very fact of his confinement, he must seek relief via a petition for writ of habeas corpus.  <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973).

Accordingly, this action is dismissed pursuant to 42 U.S.C. § 1997e and 28 U.S.C. § 1915A.[2]  Further, the court certifies pursuant

---

[2] Title 28 U.S.C. §1915A expressly requires a district court to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief.

to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

       IT IS SO ORDERED.

Dated: April 26, 2005                    *s/    James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE